**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES CIGLAR,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIV. NO. 09-239** |
| | : | |
| **RUBY TUESDAY, INC., et al** | : | |
| **Defendants** | : | |

---

**Diamond, J.**                                                          **March 19, 2009**

<u>**MEMORANDUM**</u>

Plaintiff Charles Ciglar has moved to remand this personal injury action to state court, arguing that: 1) complete diversity of the Parties is lacking; 2) all Defendants have not consented to removal; 3) the removal is untimely; and 4) Defendants have not satisfied their burden with respect to the amount in controversy.  (Doc. No. 4.)  Most of Plaintiff's arguments are frivolous.  All are meritless.  Accordingly, I deny Plaintiff's Motion.

**I.      BACKGROUND**

Plaintiff alleges that on December 14, 2006, he slipped and fell in a puddle of water and grease inside a Ruby Tuesday restaurant located at 600 Rockhill Drive, Bensalem, Pennsylvania.  (Compl. ¶ 9.)  On December 12, 2008, Plaintiff filed a negligence action in the Philadelphia Common Pleas Court against the entities he believed own the restaurant: Ruby Tuesday, Inc., ORIX Wilkinson Neshaminy Venture ("the Venture"), Wilkinson Neshaminy Investment, and Wilkinson Neshaminy Investments, L.P.  ("the L.P.").  (Compl. ¶¶ 2-5.)  Plaintiff alleged that he sustained serious injuries as a result of his fall, suffering damages "in excess of $50,000."  (Compl. at 2.)

Ruby Tuesday received a copy of the Complaint on December 22, 2008.  (Notice of Removal,

1

Doc. No. 1 at ¶ 2.)  The L.P. received a copy of the Complaint on December 19, 2008.  (<u>Id.</u> at 3.)  The Parties dispute whether the Venture ever received service.  Finally, although Wilkinson Neshaminy Investment is listed in the case caption, the Parties apparently agree that it has not been served and is not a Party to this action.

On January 16, 2009, Ruby Tuesday and the L.P. removed to this Court.  (Doc. No. 1.)  On February 4, 2009, Plaintiff moved to remand.  (Doc. No. 4.)  Defendants responded on February 16, 2009.  (Doc. No. 7.)  Plaintiff filed a reply and Defendants filed a sur-reply.  (Doc. Nos. 8, 9.)

## II.    LEGAL STANDARDS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

Diversity jurisdiction is lacking -- and removal is thus improper -- if any plaintiff and any defendant are citizens of the same state.  <u>Lincoln Property Co. v. Roche</u>, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants.").  The citizenship of fraudulently named or nominal parties must be disregarded for purposes of diversity jurisdiction, however. <u>Bumberger v. Ins. Co. of N. Am.</u>, 952 F.2d 764, 767 (3d Cir. 1991); <u>Steel Valley Auth. v. Union Switch & Signal Div.</u>, 809 F.2d 1006, 1010 (3d Cir. 1987).  Nominal parties are "those without a real interest in the litigation."  <u>Bumberger</u>, 952 F.2d at 767.  "A party is nominal when there is no possibility the plaintiff can establish a cause of action against him, and the defendant is not indispensable."  <u>Lopienski v. Centocor, Inc.</u>, No. 07-4519, 2008 WL 2565065, 2 (D.N.J. June 25,

2008); Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866, 872 (5th Cir. 1991) ("The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court."); Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460 -461 (2d Cir. 1998) ("[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy.").

Under the "rule of unanimity," all properly named defendants must consent to removal. See Step Plan Services, Inc. v. Koresko, 219 Fed.Appx. 249, 250 (3d Cir. 2007) (removal procedurally defective where all defendants did not consent) (citing Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985)). The consent of nominal or fraudulently named parties is not required, however. See Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined.").

The removing party bears the burden of establishing federal jurisdiction. See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990). "A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006); B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981) (in jurisdictional dispute, parties may submit affidavits and deposition transcripts).

The Third Circuit has cautioned that the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer, 913 F.2d at 111.

3

III.    **DISCUSSION**

A.      **Complete Diversity**

Plaintiff – a Pennsylvania citizen – contends that there is not complete diversity because Ruby Tuesday and the Venture are also Pennsylvania citizens.  Plaintiff's contention is completely without factual or legal support.

## Ruby Tuesday, Inc.

A corporation may have two places of citizenship: its state of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).  Plaintiff contends that Ruby Tuesday, a corporation, is a citizen of Pennsylvania because: 1)  it is "organized and existing under . . . the laws of the Commonwealth of Pennsylvania"; 2) it has engaged in business in Pennsylvania on a "regular, systematic, continuous and substantial basis"; and 3) "its headquarters [are] located at 600 Rockhill Drive, Bensalem, PA 19020 and/or 150 West Church Avenue, Maryville, TN 37801."  (Doc. No. 4 at 14.)   The only supporting fact Plaintiff offers is that Ruby Tuesday operates a branch at 600 Rockhill Drive.  (Doc. No. 4, Ex. 1.)  Plaintiff's contention is frivolous.

Ruby Tuesday has submitted an affidavit from one of its executives providing that it is incorporated in Georgia and maintains its principal place of business in Tennessee.  (Doc. No. 7-2, Ex. A.) Ruby Tuesday has also submitted its Georgia certificate of incorporation, as well as its filing with the SEC reporting Georgia as Ruby Tuesday's state of incorporation and Maryville, Tennessee as its headquarters.  (See Doc. No. 7-2 at Ex. A:A-C.)  Plaintiff offers nothing in response.

In these circumstances, Ruby Tuesday has established that for diversity purposes, it is a citizen of Georgia and Tennessee, not Pennsylvania.  See United Computer Systems, Inc. v. AT & T Corp. 298 F.3d 756, 763 (9th Cir. 2002) (affidavits of knowledgeable corporate employees sufficient to establish citizenship of corporation).

### ORIX Wilkinson Neshaminy Venture

Repeating the contentions he made respecting Ruby Tuesday, Plaintiff contends that the Venture is also a Pennsylvania citizen because it has an interest in the Bensalem restaurant.  Once again, Plaintiff has ignored the law and the facts.

Unlike Ruby Tuesday, the Venture is a partnership.  Defendants have submitted affidavits from the Venture's corporate parent and a former partner providing that the Venture no longer exists: it dissolved in March 2004 and wound up its affairs in March 2005.  The affidavits further provide that the Venture's  partners were citizens of Delaware, Florida, and Illinois.  (Doc. No. 7-2, Ex. B, D.) Thus, Defendants argue that the Venture was a citizen of those states.  See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008) (a partnership is a citizen of those states where its partners are citizens).  Plaintiff offers neither evidence nor legal authority to the contrary.

### Wilkinson Neshaminy Investments, L.P.

Defendants have shown that the partners of the L.P. are citizens of Delaware and Florida. (Doc. No. 7-2, Ex. B-C.)  Accordingly, Defendants contend that the entity is a citizen of those two states – not Pennsylvania.  Again, Plaintiff offers neither contradictory evidence nor authority.

In sum, Defendants have plainly shown that Plaintiff alone is a Pennsylvania citizen and that all Defendants are citizens of other states.  Accordingly, there is complete diversity of the Parties.

B.      **Consent of all Defendants**

Plaintiff argues that the notice of removal is defective because it was submitted without the Venture's consent.  Defendants respond that the Venture's consent is not required both because it is a nominal party and because it  was not properly served.  I agree that the Venture is a nominal party.

The uncontradicted evidence shows that the Venture wound up its affairs almost two years before Plaintiff's accident.  Moreover, Defendants aver that the Venture "does not have, and never did have, an interest in the subject Ruby Tuesday restaurant or its premises." (Doc. No. 7 at 7; Ex. B, D.)  In support, Defendants provide two corporate affidavits stating that the Venture developed a neighboring property (700-900 Rockhill Drive, Bensalem, PA) but never had an ownership interest in 600 Rockhill Drive – the premises at issue in this case. (Doc. No. 7-2, Exs. B, D.)  Defendants thus argue that the Venture is a nominal party to the litigation whose consent to removal is not required.  (Doc. No. 7 at 7); see Ogletree v. Barnes, 851 F.Supp. 184, 187 (E.D.Pa. 1994) ("Merely nominal parties may be disregarded for removal purposes and need not join in the notice of removal or otherwise consent to the removal.").

Once again, Plaintiff does not respond to this contention or otherwise explain how the Venture is in any way connected to 600 Rockhill Drive.  Rather he alleges only that, like the other Defendants, the Venture "maintain[s] its headquarters located at 106 Commerce Street, Suit 110, Lake Mary, FL 32746-6217 and/or 600 Rockhill Drive, Bensalem, PA 19020." (Compl. at ¶ 3.)  Again, Plaintiff offers no supporting evidence.  In these circumstances, Defendants have amply shown that the Venture is a nominal party whose consent is not required for removal.

In light of my decision, I need not address Defendants' contention that the Venture's consent to removal is not required because it was never properly served.

6

C.      Timeliness

Plaintiff argues that Defendants' Notice of Removal is untimely because Defendants did not file their "praecipe for notice of removal" with the Common Pleas Court until thirty-three days after they received a copy of the Complaint.  (Doc. No. 4 at 17.)  Again, Plaintiff's argument is frivolous.

The statute governing removal provides that

> the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C.A. § 1446(b).  Defendants first received a copy of the Complaint on December 19, 2008.  They filed their notice of removal with this Court on January 16, 2009.  Accordingly, their notice of removal was timely.

Plaintiff nonetheless argues, however, that because Defendants did not file a copy of the removal notice with the Common Pleas Court until January 21, 2009, I must remand.  Section 1446(d) sets forth the standard for notifying the state court of a notice of removal:

> Promptly after the filing of such notice of removal of a civil action the . . . defendants . . . shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C.A. § 1446(d).  The statute requires only that Defendants provide a copy of the notice to the state court *promptly after* filing the notice of removal with the federal court; there is no requirement that the two notices be filed simultaneously.  See Boyce v. St. Paul Fire and Marine Ins. Co., No. 92-6525, 1993 WL 21210, 3 (E.D.Pa. Jan. 28, 1993) ("'Promptly', as used in 28 U.S.C. § 1446(d) does not require that the filing of a copy of the removal petition with the state

7

court be done simultaneously with the filing in the federal district court."). Defendants filed their Notice of Removal in this Court on Friday, January 16, 2009. All courts were closed on the next business day, Monday, January 19, 2009, for Martin Luther King, Jr., Day. Tuesday, January 20, 2009 was Inauguration Day. Defendants filed their removal papers with the Common Pleas Court on Wednesday, January 21, 2009. This certainly constitutes "prompt" filing as required by § 1446. Id. (thirteen days after filing of the notice of removal is prompt); see also Calderon v. Pathmark Stores, Inc., 101 F.Supp.2d 246, 248 (S.D.N.Y. 2000) (month delay between the time of actual removal and the time of notice to state court "relatively short" and "harmless"). Accordingly, Plaintiff's timeliness argument is certainly meritless.

     **D.**    **Amount in Controversy**

     Plaintiff has alleged only that he has suffered damages "in excess of $50,000." (Compl. at 2.) He argues that I must remand this matter because Defendants cannot show to a "legal certainty" that the amount in controversy exceeds $75,000. (Doc. No. 4 at 8, ¶ 17.) Remarkably, when I asked Plaintiff's counsel if he would stipulate that his client's damages did not exceed $75,000, he refused. (3/13/09 Tr. at 3:1-5.) Plaintiff thus declines to clarify his pleading and establish with "legal certainty" that his damages do not meet the jurisdictional threshold. See Angus v. Shiley Inc., 989 F.2d 142, 145 n.3 (3d Cir. 1993) ("[W]here a complaint is ambiguous as to the damages asserted and the controversy seems small, it is conceivable that a court justifiably might consider a subsequent stipulation as clarifying rather than amending an original pleading. There is, after all, a distinction between explaining and amending a claim.").

Plaintiff obviously wants to eat his cake and have it, too: he urges me to remand because Defendants cannot establish that his damages exceed $75,000, but refuses to be limited to $75,000 in damages once the matter is remanded to state court.  It is difficult to take Plaintiff's contentions seriously.

The Third Circuit recently confirmed the law regarding the damages threshold for federal jurisdiction.  Frederico v. Home Depot, 507 F.3d 188, 196 -197 (3d Cir. 2007).  A removing party is required to prove to a legal certainty that the plaintiff can recover more than the jurisdictional amount only if the complaint explicitly alleges that the damages are less than the jurisdictional amount.  Id. at 196 -197 (explaining Morgan v. Gay, 471 F3d 469 (3d Cir. 2006)).  Where, as here, Plaintiff has alleged damages in excess of $50,000, but has not explicitly alleged that the amount in controversy is less than the jurisdictional threshold, Defendants are relieved of that burden.  Instead, I must remand only "if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount."  Id. at 196 -197 (emphasis added) (explaining Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 296 (3d Cir. 2004)).

Here, the allegations in the Complaint confirm counsel's implicit acknowledgment that Plaintiff can – and, indeed, fully intends to – recover more than $75,000.  The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  Angus, 989 F.2d at 146.  Plaintiff alleges that he has suffered "serious and permanently disabling injuries," requiring repeated doctors' visits, multiple MRIs, and six months of physical therapy consisting of "spinal manipulation, manual traction, deep tissue massage, hydrotherapy, and exercise therapy."  (Compl. at ¶ 16.)  He also alleges that as a result of his injuries, he suffers from agonizing aches and severe mental anguish

that may require future treatment and may preclude him from resuming his regular occupation.

(Id.)  These allegations, if proven, could certainly result in a damage award greater than $75,000.

See, e.g., McMonagle v. Franklin Mills Assocs. LP, No. 06-4451, 2007 WL 773715, *2 (E.D. Pa.

Mar. 8, 2007) (allegations of "severe and permanent injuries to various parts of [plaintiff's] body

that have required, and may continue to require, medical care" resulting in "severe loss of earning

capacity," coupled with plaintiff's demand for damages "in excess" of $50,000, satisfied amount

in controversy requirement).

## IV.    CONCLUSION

I am required to resolve all doubts in favor of remand.  Boyer, 913 F.2d at 111.

Unfortunately for Plaintiff, there are no doubts here.  Without serious contradiction, Defendants

have more than met their burden of establishing federal jurisdiction.  Accordingly, I conclude

that Defendants properly removed this action and deny Plaintiff's Motion to Remand.

An appropriate Order follows.


*/s Paul S. Diamond*

_____

**Paul S. Diamond, J.**

10